UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

TUTOR PERINI BUILDING CORP.,

              Plaintiff,

vs.

THE DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

              Defendant.
_____

**COMPLAINT**

Civil Action No. 1:17-cv-03765

Plaintiff Tutor Perini Building Corp. ("TPBC") as and for its Complaint against Defendant The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("DC" or "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint arises under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (the "LMRA").

2. Jurisdiction is conferred upon, and venue is proper in, this Court pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185(c), in that Defendant maintains its principal offices within this judicial district and duly authorized officers and agents of Defendant are engaged within this judicial district in the representing or acting for members who are employees of area employers, including TPBC.

3. This Court also has jurisdiction over this action pursuant to 29 U.S.C. § 185(c) and 28 U.S.C. § 1331, without regard to citizenship of the parties or the amount in controversy.

## THE PARTIES

4.  TPBC is a corporation organized under, and existing by virtue of, the laws of the State of Arizona and is authorized to do business in the State of New York.

5.  TPBC maintains a corporate office at in the City of New York, State of New York, which is within this judicial district.

6.  At all material times discussed herein, TPBC was engaged in the business of general contracting, construction management and the building trades.

7.  TPBC was an employer engaged in commerce or an industry affecting commerce within the meaning of Sections 2(6) and 2(7) of the National Labor Relations Act, as amended (the "NLRA"), 29 U.S.C. §§ 152(6) and 152(7).

8.  At all material times, Defendant has been recognized, and the National Labor Relations Board had certified Defendant or one of its affiliated locals to represent employees.

9.  DC is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5).

10.  DC at all material times has been, engaged in representing employees in industries affecting commerce in this judicial district.

## FACTUAL ALLEGATIONS

A. The Project Labor Agreement

11.  On or about December 4, 2012 a Project Labor Agreement Covering Specified Construction Work ("the PLA") was entered into between Hudson Yards Construction LLC and Defendant. A copy of the PLA is attached hereto and incorporated herein as Exhibit "A".

12.  Article I of the PLA provided as follows:

This is a Project Labor Agreement ("PLA") for Project Work to be performed at the Project entered into by the Construction Manager, the Council and the Local Unions, and the Contractors, each of whom warrants and represents by their execution of this Project Labor Agreement that they each have been duly authorized to enter into this Agreement on behalf of, and to bind, their respective organizations, and this PLA is binding on their respective successors and assignees.

13. TPBC was one of the Contractors referenced in Article I of the PLA and at all times relevant herein was a party to the PLA and is entitled to all the rights set forth in the PLA.

14. DC was one of the councils and or local unions referenced in Article I of the PLA, was a party and signatory of the PLA, and was bound by its terms.

15. The second referenced "Page 41" of the PLA contains the signature of DC evidencing that DC was a signatory and party under the PLA.

16. Section 3 of the PLA provides that "This Agreement shall be binding on all Local Unions, the Council, the Construction Manager and all Contractors."

17. Members represented by DC were employed by TPBC to perform Project Work as defined in Article 3, Section 1 of the PLA.

18. Employees represented by DC were not excluded employees under Article 3, Section 3 of the PLA.

B. The Unlawful Strike and the Cease and Desist Consent Order

19. Article 7, Section 1 of the PLA provides as follows:

There shall be no strikes, sympathy strikes, picketing, work stoppages, slowdowns, handbilling, demonstrations, or disruptive activity, of any kind on the Project Work against the Owner, Construction Manager, and the Contractors or other employers including without limitation, any and all of their (and their affiliated or related entities) owners, directors, principals, representatives, stockholders and employees.

20. Commencing on or about July 1, 2015 Defendant and its members engaged in conduct directly in violation of Article 7, Section 1 at work sites covered under the PLA.

21. In particular, members of DC who were TPBC employees performing Project Work on behalf of TPBC, as a result of defendant's calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in work stoppages, engaged in activities that violated Article 7, Section 1 of the PLA.

22. Defendant violated Article 7, Section 1 by calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in unlawful work stoppage activities on behalf of its members, employees of TPBC, resulting in interruption of construction work on the Project Work required to be performed by TPBC.

23. As a result of this unlawful activity, TPBC invoked Article 7, Section 4 of the PLA and obtained an Expedited Arbitration to seeking injunctive relief from Defendant's work stoppage.

24. After a hearing was held, Defendant consented to Cease and Desist Orders enjoining and restraining Defendant from:

> …calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in any strike, sympathy strikes, picketing, work stoppages, any kind of work covered by the PLA against the Owner, Construction Manager, and Contractors and other employers including, without limitation, any and all of their (and their affiliated or related entities) owners, directors, principals, representatives, stockholders and employees…

25. A copy of the July 2, 2015 Cease and Desist Consent Order applicable to the Project Work stoppages directly impacting TPBC, is annexed hereto and incorporated herein as Exhibit "B".

26. By order signed July 15, 2015 the Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, confirmed the Arbitration Awards on Consent. A copy of this Order is annexed hereto and incorporated herein as Exhibit "C".

27. As a result of the Cease and Desist Consent Order and the Confirmation by the United States District Court, there was a judicial finding, as a matter of law, that Defendant violated Article 7, Section 1 of the PLA, which is binding on Defendant in the present action.

## SECTION 301 CLAIM AGAINST DEFENDANT

28. TPBC restates and incorporates herein the allegations of paragraphs 1 through 31, above, as if set forth fully herein.

29. Defendant breached the PLA as set forth above by calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in unlawful work stoppage activities on behalf of its members, resulting in work stoppages by their members in performing Project Work as employees for TPBC.

30. The PLA was a contract between an employer and labor organizations representing employees in an industry affecting commerce as set forth in the LMRA, 29 U.S.C. § 185(a) that was in full force and effect at all times relevant to the claims asserted herein.

31. Defendant, by violating the PLA, violated a contract as defined in the LMRA, 29 U.S.C. § 185(a) is liable to TPBC for all damages resulting from the breach of the PLA.

32. TPBC is entitled to all damages resulting from Defendant's calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in unlawful work stoppage activities on behalf of its members in violation of the PLA.

33. As a direct and proximate consequence of the work stoppages caused by Defendant's calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in unlawful work stoppage activities on behalf of its members, TPBC has incurred loss of revenue, loss of goodwill, extraordinary expenses, losses resulting from delays in completion of the work, lost profits, increased overhead costs, lost opportunities, consequential damages, penalty costs, legal fees and significant costs for labor and services to replace the employee members of Defendant who engaged in unlawful work stoppages, loss of bonuses for early completion of work and other direct and indirect damages.

WHEREFORE, pursuant to 29 U.S.C. § 185, TPBC demands judgment against Defendant DC in an amount of damages to be determined as a result of the breach of the PLA as described above, plus its fees and costs in bringing this action, pre-judgment interest, and such other and further relief as to the Court is just and proper.

Plaintiff demands a jury trial.

Dated: May 18, 2017

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
Arthur J. Siegel, Esq.
Louis P. DiLorenzo, Esq.
Ernest R. Stolzer, Esq.
*Attorneys for Plaintiff Tutor Perini Construction Corp.*
600 Third Avenue, 22nd Floor
New York, NY 10016-1915
Phone: (646) 253-2300
Fax: (646) 253-2301
asiegel@bsk.com